Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: (754) 444-7539

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**Case No.:**

**CASEY TAHA,**
*individually and on behalf of all*
*others similarly situated,*

    **Plaintiff,**

v.

**LILA MATERNITY LLC,**

    **Defendant.**

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**

Plaintiff Casey Taha ("Plaintiff") brings this class action against Defendant Lila Maternity LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1.    This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2.    To promote its goods and services, Defendant engages in telemarketing text messages at unlawful times.

3.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of themselves and members of the Class, and any other available legal or equitable remedies.

## PARTIES

4.      Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of California.

5.      Defendant is a Tennessee limited liability company with its headquarters located in Hendersonville, Tennessee.

6.      Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## JURISDICTION, AND VENUE

7.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

8.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District. Additionally, Plaintiff's telephone number has an area code that specifically coincides with locations in California.

## FACTS

9.      Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding

2
Complaint

1    concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving

2    telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

3
        10.    The TCPA and implementing regulations prohibit the initiation of telephone
4
     solicitations to residential telephone subscribers before 8 am and after 9 pm and similarly provides
5
6    a private right of action against any entity that makes those telephone solicitations, or "on whose

7    behalf" such telephone solicitations are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(1).

8
        11.    Overall, between November 23, 2023, and May 30, 2024, Defendant sent text
9
     message solicitations to Plaintiff's cellular telephone as depicted below:
10

11

12

13

14

15   

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fri, May 3 at 7:01 AM

Lila: FLASH SALE! Don't miss out! Enjoy 40% off ALL Harvest Floral for the next 12 hours only! Use code PUMPKINPERFECTION40 at checkout.

Sat, May 4 at 7:02 AM

Lila: Swaddle Saturday! Starting today, for the rest of the month, double the discounts and get a swaddle for $10 with the purchase of any flash sale birth gown using code SWADDLE10 at check out.

Sun, May 5 at 6:01 AM

Lila: FLASH ALERT: 40% off 3 select colors of our best selling Lila Birth Gown! Better run, this sale ends in t-minus 6 hours or when supplies run out! https://lila.attn.tv/aHNvCXQlnedL

Mon, May 6 at 8:02 AM

Text Message · SMS

4
Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



in select colors 45% off for a limited time only! Hurry, this deal ends in 6 hours! https://lila.attn.tv/ajH2DvJ1_aPU

Sun, May 12 at 7:03 AM



Lila: Celebrate Mother's Day all month! Today, enjoy an extra-special treat: 45% off select Juliet colors. Happy Mother's Day!
https://lila.attn.tv/af_GH-c1asVt

Fri, May 17 at 9:04 AM

Lila: FRIDAY FLORALS FLASH SALE! For the next 12 hours, snag 40% off all

 Text Message · SMS 

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



10:14

+1 (833) 219-3591

Thu, May 30 at 7:01AM

Lila: It's the FINAL FLASH For the next 48 hours ONLY, enjoy up to 50% off! Don't miss out on Lila's biggest sale to date. Shop now and snag your favorites before they're gone! https://lila.attn.tv/aYRBNWhMKBEo

12.    As displayed by the above screenshots, the telephone solicitations were initiated before 8 am and after 9 pm, in Plaintiff's time zone.

13.    Overall, between November 23, 2023, and May 30, 2024, Defendant caused (8) Eight marketing text messages to be transmitted to Plaintiff's cellular telephone number before 8 am and after 9 pm.

14.    As demonstrated by the above screenshots, the purpose of Defendant's telephonic solicitations was to advertise, promote, and/or market Defendant's property, goods, and/or services.

15.    Plaintiff is the regular user of the telephone number that received the above solicitations.

16.    Plaintiff utilizes the cellular telephone number that received Defendant's telephone solicitations for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

17.    Upon information and belief, Defendant maintains and/or has access to

outbound transmission reports for all telephone solicitations advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each telephone solicitation made to Plaintiff and the Class members.

18.      Plaintiff never signed any type of authorization permitting or allowing Defendant to send them telephone solicitations before 8 am or after 9 pm.

19.      Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## CLASS ALLEGATIONS

### PROPOSED CLASS

20.      Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. The class that Plaintiff seeks to represent (the "Class") is defined as:

> **All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one marketing text message within any 12-month period; (3) where such marketing text messages were initiated before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location).**

21.      Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

22.      Defendant and their employees or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class but believes Class Members' number in the several thousands, if not more.

### NUMEROSITY

23.      Upon information and belief, Defendant has placed violative text messages to

telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

24.     The exact number and identities of Class Members are unknown at this time and can be ascertained only through discovery.  Identification of Class Members is a matter capable of ministerial determination from Defendant's records.

COMMON QUESTIONS OF LAW AND FACT

25.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether Defendant initiated solicitation text messages to Plaintiff and the Class members before 8 a.m. or after 9 p.m.

(b) Whether Defendant is liable for damages, and the amount of such damages.

26.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephone solicitations without consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

TYPICALITY

27.     Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

PROTECTING THE INTERESTS OF CLASS MEMBERS

28.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

29.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

**COUNT I**
**VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)**
**(On Behalf of Plaintiff and the Class)**

31.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-30 as if fully set forth herein.

32.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a]ny residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)."

33.    Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

34.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

35.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Class members before the hour of 8 a.m. or after the hour of 9 p.m.

36.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and Class members received more than one violative telephone solicitation in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

37.    Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

38.    As a result of Defendant's knowing or willful conduct, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of themselves and members of the Class, prays for the following relief:

    a.    An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

    b.    An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

c.    An order declaring that Defendant's actions, as set out above, violate the TCPA;

d.    An injunction requiring Defendant to comply with 47 U.S.C. § 227(c) and 47 C.F.R. 64.1200(c);

e.    An award of attorney's fees, costs, and interest, as allowed by applicable law; and

f.    Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and members of the Class hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

Date:  December 17, 2024.

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**GERALD D. LANE, JR., ESQ.**
California Bar No: 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: (754) 444-7539

*COUNSEL FOR PLAINTIFF*